UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| WARNER-ELEKTRA-ATLANTIC CORPORATION d/b/a WMX and MY CHEMICAL ROMANCE, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> VARIOUS JOHN DOES, JANE DOES and ABC COMPANIES, <br><br> Defendants. | Case No. 2:25-cv-01227-JHC <br><br> PRELIMINARY INJUNCTION AND ORDER OF SEIZURE |

Plaintiffs, Warner-Electra-Atlantic Corporation and My Chemical Romance LLC (Plaintiffs), having applied *ex parte* against unknown individuals and entities (collectively, "Defendants") for a temporary restraining order, order permitting civil seizure, and order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and the Lanham Act (15 U.S.C. § 1051, et seq.), as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (the "Lanham Act"), for the reason that Defendants are and will be manufacturing, distributing, offering for sale, and selling goods bearing counterfeit reproductions

PRELIMINARY INJUNCTION AND ORDER OF SEIZURE
No. 2:25-cv-01227-JHC

of trademarks owned and controlled by Plaintiffs ("Counterfeit Merchandise"), Dkt. # 4, and the Court having reviewed the complaint, the memorandum of law, the declarations of Kenneth A. Feinswog and James Patterson, and the exhibits thereto, and the presentation of counsel at the hearing on July 22, 2025, FINDS:

    1) Defendants' manufacture, import, distribution, offer for sale and/or sale of Counterfeit Merchandise has caused, and if not stopped will continue to cause, immediate and irreparable injury to Plaintiffs;

    2) Plaintiffs have established evidence of the sale of counterfeit and/or unauthorized merchandise in connection with the 2025 My Chemical Romance tour and therefore are likely to succeed in showing Defendants have used and are continuing to use counterfeit and/or unauthorized and infringing copies of Plaintiffs' federally registered trademarks and unregistered trademarks, names and likenesses set forth below in connection with the manufacture, import, distribution, offer for sale and/or sale of Counterfeit Merchandise;

    3) Plaintiffs have also shown sufficiently serious questions going to the merits of its claims to make them a fair ground for litigation, and that the harm to Plaintiffs from denial of the requested preliminary injunction would outweigh the harm to Defendants' legitimate interests in the event such an order was granted, and that a preliminary injunction would serve the public interest;

    4) Defendants, or the other persons acting in concert with Defendants would likely destroy, move, hide or otherwise make inaccessible to the Court Defendants' Counterfeit Merchandise, any business records related thereto, and the profits derived therefrom, absent a preliminary injunction, thereby denying Plaintiffs access to relevant evidence and frustrating the ultimate relief Plaintiffs seek in this action;

    5) Plaintiffs have provided the United States Attorney with reasonable notice of this application for an *ex parte* seizure order, see Dkt. # 12-1.

    6) Plaintiffs have demonstrated the location(s) at which Defendants are or will be distributing, offering for sale and/or selling Counterfeit Merchandise; and

    7) Entry of an order other than a preliminary injunction and seizure order would not adequately achieve the purposes of the Lanham Act to preserve Plaintiffs' remedies for

PRELIMINARY INJUNCTION AND ORDER OF SEIZURE
No. 2:25-cv-01227-JHC

trademark counterfeiting, including, *inter alia*, the removal of Counterfeit Merchandise from the market place and destruction of same, and an award to Plaintiffs of lost profits or damages.

THEREFORE, IT IS HEREBY ORDERED that Defendants, various John Does, Jane Does and ABC Companies, their true identity being unknown and their agents, servants, employees, attorneys, successors and assigns and all persons, firms and corporations acting in concert with them are preliminary enjoined from manufacturing, distributing, selling and offering merchandise or holding for sale Counterfeit Merchandise consisting of clothing, jewelry, photographs, posters and other merchandise bearing the trademarks, service marks, likenesses, images, trade names or logos or any colorable imitations thereof of the musical group knowns as My Chemical Romance (collectively "Plaintiffs' Marks");

AND IT APPEARING TO THE COURT that Defendants are likely and about to sell and distribute the Counterfeit Merchandise bearing the Plaintiffs' Marks during the remaining shows of the 2025 My Chemical Romance Tour and will carry out such acts during the entirety of the 2025 My Chemical Romance Tour set forth in Exhibit A of the Complaint, unless enjoined by order of the Court. Dkt. # 1 at 9.

IT IS FURTHER ORDERED that the United States Marshal or other federal, state, county or local law enforcement officers or off duty officers located within each district in which Plaintiffs enforce this order, assisted by one or more attorneys or agents of Plaintiffs, are hereby authorized to seize and impound any and all Counterfeit Merchandise bearing the Plaintiffs' Marks, including any bag, carton, container, vehicle or other means of carriage in which the Counterfeit Merchandise is found from four (4) hours before to four (4) hours after any performance by My Chemical Romance within a four (4) mile vicinity of venues at which My Chemical Romance will be performing including, but not limited to, the My Chemical Romance concerts listed on Exhibit A of the Complaint, Dkt. # 1 at 9;

AND IT IS FURTHER ORDERED that this order is hereby conditioned upon the Ten Thousand ($10,000.00) security already posted by Plaintiffs to secure payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully enjoined hereby;

AND IT IS FURTHER ORDERED that service of a copy of this Preliminary Injunction together with the summons and complaint shall be made upon Defendants by the United States

PRELIMINARY INJUNCTION AND ORDER OF SEIZURE
No. 2:25-cv-01227-JHC

Marshal, other federal, state or local officers or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by Plaintiffs, at the time when the seizure provided herein is effected and that such service shall be deemed good and sufficient;

AND IT IS FURTHER ORDERED that the process server shall offer a receipt to each person from whom merchandise is seized and that Plaintiffs shall be deemed substitute custodian for all Counterfeiting Merchandise seized which shall be maintained in a secure location pending further order of this Court;

AND IT IS FURTHER ORDERED that any Defendants who are hereafter served with a copy of this order who objects to the provisions hereof my submit his or her objections to this Court or otherwise move for relief from this Court as provided herein or otherwise according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise so ordered by this Court.

Dated this 22nd day of July, 2025.

*John H. Chun*
John H. Chun
United States District Judge

PRELIMINARY INJUNCTION AND ORDER OF SEIZURE
No. 2:25-cv-01227-JHC